**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV00013 ERW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on plaintiff's motion for reconsideration. On March 1, 2007, the Court denied plaintiff's motion for leave to proceed in forma pauperis because plaintiff, an inmate at Algoa Correctional Center, has had three or more cases dismissed as frivolous or for failure to state a claim. Because of those dismissals, plaintiff may not bring this action unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff now moves the Court to reconsider its decision and to allow plaintiff to proceed in forma pauperis based on allegations in his memorandum in support of his motion to proceed in forma pauperis that he is, in fact, under imminent danger of serious physical injury. Having reviewed plaintiff's memorandum, the Court will deny the motion.

**Plaintiff's Allegations**

In his memorandum in support of his motion to proceed in forma pauperis, plaintiff alleges that he has suffered from pain in several of his teeth for seventeen months. Plaintiff claims that

he has been diagnosed by defendant Dr. Maire (dentist) as having "toothbrush abrasions," which have caused hypersensitivity and pain. Plaintiff also claims that defendant Dr. Jackson (dentist) told plaintiff that there was, possibly, plaque under plaintiff's fillings, which was causing the pain.

Plaintiff admits that on more than one occasion he has refused to sign consent forms indicating his consent to treatment by the defendant dentists and their staff, and he states that he has never willingly signed a consent form. Plaintiff has also refused to allow defendants to treat him.

Plaintiff argues that he should be allowed to proceed in forma pauperis under the imminent danger exception in § 1915(g) because "it is only a matter of time before plaintiff lands back in administrative segregation or his teeth or gums become infected, or something worse."

## Discussion

The Prisoner Litigation Reform Act curtails the ability of prisoners to bring lawsuits where those prisoners have previously filed frivolous suits:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).  A prisoner seeking to file under § 1915(g)'s exception "is only eligible to proceed IFP if he is in imminent danger *at the time of filing*.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . ." <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

Plaintiff's allegations that he has suffered from tooth pain for seventeen months and that "it is only a matter of time" before plaintiff's teeth get infected or "something worse" happens do not rise to the level of "imminent danger of serious physical injury." Additionally, plaintiff's admission that he refuses to sign consent forms shows that plaintiff has interfered with defendants' ability to treat his chronic tooth pain.  As a result, plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#6] is **DENIED**.


So Ordered this 9th Day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE