**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| RANDY SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV00013 ERW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's second motion for reconsideration. The Court previously denied plaintiff's motion to proceed in forma pauperis because he has filed three or more previous cases that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted and because the complaint does not allege that plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff moves the Court to reconsider the decision to deny his motion to proceed in forma pauperis and to find that he has sufficiently alleged that he is in imminent danger of serious physical injury. For the reasons stated below, the Court will deny the motion for reconsideration and will dismiss the case without prejudice.

In addition to finding that the complaint lacked allegations of serious physical injury, the Court previously found that plaintiff had interfered with defendants' ability to treat his medical condition — chronic tooth pain — because he had refused to

consent to treatment. Along with the instant motion for reconsideration, plaintiff has submitted documentation that bolsters the Court's previous finding that plaintiff's refusal to consent to treatment is a contributing factor to his chronic tooth pain.

Plaintiff admits that he has refused, on several occasions, to sign written consent to treatment forms. Plaintiff believes that he should not be required to sign such a form prior to being treated. However, plaintiff has submitted Algoa Correctional Center's informed consent policy, which states that although written informed consent is not required in every instance, it is specifically required before its medical staff may extract an inmate's tooth – the treatment which plaintiff seeks. Consequently, plaintiff's actions have prevented the dentists from treating him.

The Court finds that plaintiff's allegations of chronic tooth pain do not rise to the level of "imminent danger of serious physical injury" required to invoke § 1915(g)'s exception. Additionally, the Court finds that plaintiff's attempt to sue these defendants for not treating his tooth pain is a malicious abuse of the judicial process because his actions have prevented them from being able to treat him. As a result, the Court will deny the motion to reconsider, and the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a final judgment [#9] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) and Fed. R. Civ. P. 41(b).

So Ordered this 5th Day of April, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE